# IN THE COURT OF APPEALS OF IOWA

No. 21-1562
Filed January 27, 2022

**IN THE INTEREST OF A.D. and A.O.,**
**Minor Children,**

**A.D., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Howard County, Linnea M.N. Nicol, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Kevin Stinn of Swartz Law Firm, P.L.L.C., Waukon, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

David Baumgartner, Strawberry Point, attorney and guardian ad litem for minor children.

Considered by May, P.J., and Schumacher and Ahlers, JJ.

**MAY, Presiding Judge.**

A father appeals the termination of his parental rights to his children, A.D. and A.O. On appeal, the father challenges the statutory grounds authorizing termination, including whether the State made reasonable efforts towards reunification. He also contends the juvenile court should have forgone termination—and established a guardianship instead—because the children were in the custody of a relative. We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We consider: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

The father challenges the statutory grounds authorizing termination. The juvenile court found the statutory grounds under Iowa Code section 232.116(1)(e), (f), and (*l*) (2021) satisfied. When, as here, the juvenile court terminates under multiple statutory grounds, we may affirm on any ground satisfied. *In re J.D.*,

No. 21-0391, 2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021). We choose to address paragraph (f). Paragraph (f) authorizes termination of a parent's parental rights when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f).

The father only challenges the fourth element—whether the children could be returned to his home. This element is satisfied when the State establishes the children cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

We conclude the children could not be safely returned to the father's home. The father struggles with drug use. We acknowledge that the juvenile court left the record open to receive the results of a drug test that was pending at the time of the trial. And we acknowledge that that test eventually came back negative. However, the father's hair stat test—collected less than two weeks prior to the termination hearing—tested positive for methamphetamine.[1] The father also missed six drug tests in the two months leading up to the termination hearing. "We

---

[1] The hair stat test was collected on June 2, 2021; and the termination hearing occurred on June 15 and 22.

presume these missed tests would have been positive for illegal substances." *In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (collecting cases noting missed tests are presumed positive). "We cannot turn a blind eye to the [father's] history of use. And we fear [his] continued methamphetamine use is likely in the future." *See In re E.G.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021). And "[a] parent's methamphetamine use, in itself, creates a dangerous environment for children." *J.P.*, 2020 WL 110425, at *2. So the father's ongoing methamphetamine use means the children could not be safely returned to his care.

But the father contends any barriers to reunification are due to DHS failing to make reasonable efforts towards reunification. We consider any reasonable-efforts challenge when determining whether the State established the statutory grounds authorizing termination. We recognize "[t]he State must show reasonable efforts as part of its ultimate proof the child[ren] cannot be safely returned to the care of a parent." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). "But we expect parents to alert the court of the alleged deficiencies prior to the termination hearing." *In re E.H.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021) (collecting cases requiring a parent to bring a reasonable-efforts challenge to the juvenile court prior to the termination hearing).

Here, the father contends the State failed to make reasonable efforts because it failed to ensure he received sufficient visitation with the children, who were placed with their adult half-sister in Minnesota. To the extent the father's present challenge is preserved, we conclude DHS made reasonable efforts towards reunification under the unique facts of this case. Moreover, we note the

key barrier to reunification—the father's substance abuse—would not have been alleviated through additional visitation with the children. *See In re M.G.*, No. 18-0650, 2018 WL 3912192, at *2 (Iowa Ct. App. Aug. 15, 2018). So even had the father received more contact with the children, grounds for termination would still have been met.

Because we conclude a statutory ground for termination is satisfied, we move on to our next step. Typically, we consider the children's best interests in our second step. But the father only makes a passing reference to this issue. His claim is not sufficiently developed for our review. *See In re K.M.*, No. 19-1637, 2020 WL 110408, at *3 n.6 (Iowa Ct. App. Jan. 9, 2020). So we do not consider this step and instead move to the next.

Next, we consider whether to apply a section 232.116(3) exception to termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception rests with the parent. *See A.S.*, 906 N.W.2d at 476. The father points us to section 232.116(3)(a), which permits the court to forgo termination when "a relative has legal custody of the child[ren]." Here, the children's half-sister and maternal grandfather had custody of the children at the time of the termination hearing. So, the father argues, we should forgo termination and instead establish a guardianship with the children's half-sister serving as guardian.[2] In general, though, "a guardianship is not a legally preferable

---

[2] The father is not clear how he would want a guardianship established. He suggests, "A guardianship could be established through the court order in this case or through either a voluntary or involuntary proceeding in Minnesota."

alternative to termination." *Id.* at 477 (citation omitted). And we do not think this family is a good fit for a guardianship. So we decline to apply section 232.116(3)(a).

**AFFIRMED.**